IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| THERIC PATRICK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 17CV2293 |
| The CITY OF CHICAGO, Illinois, a municipal corporation, and Chicago police officers BRANDON TERNAND #2717, ROBERT CAULFIELD #11321, DAWN LOVE #1437 THOMAS CREAMER #14562, and THOMAS FENNELL #15220, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, THERIC PATRICK, JR. ("PATRICK"), by and through his attorneys, HAMILTON LAW OFFICE, LLC, makes the following complaint against Defendants, CITY OF CHICAGO, Illinois, ("Defendant CITY") and Chicago police officers BRANDON TERNAND #2717, ROBERT CAULFIELD #11321, DAWN LOVE # 1437, THOMAS CREAMER #14562, and THOMAS FENNELL #15220 (collectively referred to as "Defendant OFFICERS"):

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of PATRICK's rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. Plaintiff THERIC PATRICK, JR. is a 24 year-old resident of Chicago, Illinois.

5. At all relevant times, Defendant OFFICERS are or were Chicago Police Officers, employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation duly incorporated under the laws of the State of Illinois, and at the time of the incidents in this case was the employer and principal of Defendant OFFICERS. Should PATRICK prevail on his claims, Defendant CITY is liable to PATRICK as the principal on PATRICK's state law claims pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant OFFICERS on PATRICK's federal claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7. On the morning of May 30, 2016 PATRICK was sitting on his friend's front porch on South Stewart Avenue in Chicago, Illinois.

8. PATRICK was sitting on his friend's porch with the friend that lived in the home and a third friend. PATRICK was playing a video game on his iPad.

9. At approximately 10:00 a.m. on May 30, 2016, Defendants CAULFIELD and TERNAND were on duty as Chicago police officers and they drove by the home on South Stewart Ave.

10. CAUFIELD and TERNAND saw PATRICK and his two friends on the front porch, and stopped their car.

11. Neither PATRICK nor his friends were violating any law or ordinance as they sat on the porch.

12. PATRICK and his friends were not doing or saying anything that gave CAULFIELD or TERNAND any reason to believe they were breaking the law.

13. CAULFIELD and TERNAND exited their police car, entered the yard through the front gate, and approached the porch.

14. Defendant OFFICERS did not have a warrant permitting them to enter onto the property.

15. TERNAND began questioning PATRICK and demanding to know his name.

16. TERNAND grew angry with PATRICK and slapped his iPad out of his hands causing it to fall to the porch floor and breaking the screen.

17. TERNAND then grabbed PATRICK by his hair and pulled him off the porch by his hair.

18. Defendant CAUFIELD and the other Defendant OFFICERS then joined TERNAND, converged on PATRICK, tackling him to the ground in the front yard.

19. One of Defendant OFFICERS twisted PATRICK's arm and wrist up and behind his back.

20. One or more of Defendant OFFICERS handcuffed PATRICK extremely tightly causing further pain to his wrists.

21. Defendant OFFICERS restrained PATRICK on his stomach with his hands handcuffed behind his back.

22. One or more Defendant OFFICERS put their weight on PATRICK's back while his hands were cuffed, making it difficult for PATRICK to breathe and further hurting his wrists.

23. One of the Defendant OFFICERS also pulled PATRICK's hair while he was handcuffed on his stomach on the ground.

24. One of the Defendant OFFICERS put his foot on PATRICK's face and pushed his head into the ground while he was handcuffed on his stomach on the ground.

25. Defendant OFFICERS each participated in PATRICK's arrest and detention.

26. Defendant OFFICERS each participated in the use of force upon PATRICK or stood by and watched.

27. PATRICK did nothing that justified the force Defendant OFFICERS used upon him.

28. PATRICK was taken to a police vehicle and driven to the 5th district police station.

29. Defendant OFFICERS caused PATRICK to be detained in police custody for over 23 hours.

30. Defendant OFFICERS created and/or approved false police reports relating to the circumstances of PATRICK's arrest.

31. Defendant OFFICERS made false statements to other police officers—supervisors and an investigator–claiming that PATRICK had battered Defendant TERNAND.

32. Defendant OFFICERS sought to have PATRICK charged with felony aggravated battery to a peace officer.

33. On May 31, 2016 the Cook County State's Attorney's Office reviewed the facts of this incident and rejected felony charges against PATRICK.

34. PATRICK was thereafter released from custody without any charges being placed against him.

## COUNT I
(42 U.S.C. § 1983, Excessive Force)

35. Each of the preceding paragraphs is incorporated as if fully restated here.

36. As described above, the intentional conduct of Defendant OFFICERS towards PATRICK was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

37. One or more of Defendant OFFICERS were aware of the misconduct of his or her fellow OFFICERS, had a reasonable opportunity to intervene and prevent it, but failed to do so.

38. As a direct and proximate result of this excessive force and failure to intervene, PATRICK suffered damages, which will be proven at trial.

    **WHEREFORE,** PATRICK prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. § 1983, False Arrest)

39. Each of the foregoing paragraphs is incorporated as if fully restated here.

40. As described above, Defendant OFFICERS arrested PATRICK, or caused him to be arrested, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

41. As a direct and proximate result of this illegal arrest, PATRICK suffered a loss of liberty and other damages, which will be proven at trial.

    **WHEREFORE**, PATRICK prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorneys' fees, and other such relief as is just and equitable.

## COUNT III
(Illinois Battery)

42. Each of the preceding paragraphs is incorporated as if fully restated here.

43. As described above, Defendant OFFICERS willfully and wantonly and without legal justification used physical force upon PATRICK.

44. As a direct and proximate result of Defendant OFFICERS' intentional misconduct, PATRICK suffered damages, which will be proven at trial.

    **WHEREFORE**, PATRICK prays for judgment against Defendant CITY in a fair and just amount sufficient to compensate PATRICK for the injuries he has suffered and such other relief as is just and equitable.

## COUNT IV
(Illinois False Imprisonment)

45. Each of the preceding paragraphs is incorporated as if fully restated here.

46. As more fully described above, Defendant OFFICERS unlawfully detained PATRICK without legal justification to do so.

47. Defendant OFFICERS acted willfully and wantonly in that they intended to violate, or were recklessly indifferent towards violating, PATRICK's rights.

48. As a direct and proximate result of Defendant OFFICERS' misconduct, PATRICK suffered damages, including emotional damages and a loss of liberty, which will be proven at trial.

**WHEREFORE**, PATRICK prays for judgment against Defendant CITY in a fair and just amount sufficient to compensate him for the damages he has suffered, and all such other relief as this Court finds just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

THERIC PATRICK, JR., Plaintiff

By: /s Torreya L. Hamilton
    One of Plaintiff's Attorneys

The HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397